**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4784

EVERETT CEASAR GRIER, a/k/a
Timothy Jerome Avery,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-97-83)

Submitted: February 16, 1999

Decided: March 18, 1999

Before WILKINS and TRAXLER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel S. Trilling, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, William A. Brafford, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Everett Ceasar Grier was convicted by a jury of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994), and one count of carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A.§ 924(c)(1) (West 1994 & Supp. 1998). He was sentenced to a 248 month term of imprisonment. He appeals his conviction. Finding no reversible error, we affirm.

Grier was arrested after the automobile in which he was a passenger was stopped by a police officer responding to a trespassing complaint at an apartment complex. Pursuant to a consent search of the vehicle, a bag containing 323.3 grams of cocaine base was found on the floor of the automobile, partially under Grier's seat. When the officer frisked Grier he found a loaded weapon in Grier's waistband or belt. During a more thorough search of Grier at the police station, a "chunk" of cocaine base slightly larger than a fifty cent piece was recovered from Grier's pocket, and $490 cash was recovered from Grier's undergarments.

The driver of the vehicle, Roy Junior Young, was also arrested after police found approximately eight crack cocaine rocks on him.[1] Young pled guilty in state court to possession with intent to sell and deliver the eight rocks. Young testified against Grier at Grier's trial. While Grier testified that the bag containing the cocaine base did not belong to him, Young testified that Grier had the bag with him before Grier got into Young's vehicle.[2]

_____

[1] There was also a third passenger in the vehicle, Rolland Davidson; he was not arrested or charged in connection with the stop. Davidson did not testify at Grier's trial because he could not be located.
[2] The vehicle actually belonged to Young's father, but Young consistently used it as his method of transportation.

2

Grier raises four evidentiary issues on appeal. This court reviews a district court's ruling on the relevance and admissibility of evidence for abuse of discretion, and reverses only if the error was not harmless. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995); United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1995). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Brooks , 111 F.3d at 371 (quotation and citation omitted).

Grier first alleges that the district court abused its discretion in allowing testimony regarding the nature of the gun and bullets found on Grier. The gun was a semi-automatic handgun, and it was loaded with hollow point bullets. At trial, one police officer testified regarding the technical operation of a semi-automatic handgun, and stated that it was similar to the type of gun carried by police officers. Another police officer described how hollow point bullets technically differ from most bullets, and stated that hollow point bullets "create more damage." Defendant asserts that this testimony was not relevant to the crimes charged and was prejudicial.

Evidence that is relevant is admissible unless excluded for some other purpose. See Fed. R. Evid. 402; Westfield Ins. Co. v. Harris, 134 F.3d 608, 614 (4th Cir. 1998). Evidence is relevant if it has "any tendency" to make a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. One reason for excluding relevant evidence is that the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, this possibly prejudicial effect requires exclusion "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." Westfield Ins. Co., 134 F.3d at 614 (quotation and citations omitted).

The Government submits that the testimony regarding the nature of the gun and bullets was relevant because it tended to show that Grier, and not Young, was the drug dealer and thus the likely owner of the bag of cocaine base. The Government further contends that the evi-

3

dence tended to show that the gun and bullets were "serious tools of the (drug) trade."

The district court did not abuse its discretion in allowing this testimony. The evidence had a mild tendency to establish which of the two men owned the bag of cocaine base and thus was slightly relevant. Although the Government may have simply pointed out that Grier was carrying a gun and Young was not, the fact that Grier was carrying a loaded semi-automatic handgun with hollow point bullets does "furnish[ ] part of the context of the crime." See United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (quotation and citation omitted), cert. denied, ___ U.S. #6D 6D6D#, 66 U.S.L.W. 3704 (U.S. Apr. 27, 1998) (No. 97-8487). Nor is there reason to have excluded the evidence under Rule 403; to the extent that the evidence was prejudicial, it was not unfairly so. See United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998), cert. denied, #6D6D 6D# U.S. ___, 67 U.S.L.W. 3232 (No. 97-9416) (U.S. Oct. 5, 1998).

Grier also argues that the district court abused its discretion in allowing testimony that Grier stole the handgun. During cross examination, the prosecutor asked Grier, "did you know that gun was stolen?" In response Grier stated that he had stolen the gun. The prosecutor then asked several questions about stealing the gun. Grier now asserts that this line of questioning violated the Federal Rules of Evidence, including Rule 404(b).

It is not clear how inquiry regarding the gun's pedigree could have been probative of the charges for which Grier was on trial. However, to the extent that this line of questioning was improper, any error was harmless. First, there was little doubt that Grier had been carrying a gun because the police recovered it from him at his arrest. Second, regarding whether the bag of cocaine base belonged to Grier or Young, there was significant circumstantial evidence implicating Grier: Grier, and not Young, was carrying a loaded weapon and a large amount of cash; the drugs were found on the floor of the vehicle, partially under Grier's seat. In addition, Young testified that the bag was Grier's. Therefore, we can conclude with confidence that the judgment was not substantially swayed by the prosecutor's inquiry as to whether Grier knew the weapon to have been stolen, even if the line of questioning was in error. See Brooks, 111 F.3d at 371.

4

Grier next alleges that the district court abused its discretion in allowing the prosecutor to question Grier regarding an alleged shooting. On cross examination, the prosecutor asked Grier if Grier used the gun to shoot Troy Linn Thompson in the leg, thus introducing an alleged incident with no clear connection to the crimes for which Grier was being tried. Over defense objections, the question was allowed and repeated. However, Grier invoked his Fifth Amendment privilege and never answered. Grier argues that the questioning could not have produced relevant evidence, was prejudicial, and was meant to elicit inadmissible character evidence under Fed. R. Evid. 404(b).

It is less than obvious what relevance Grier's alleged shooting of a person would have to the subject of Grier's trial. However, we again conclude that, even if this line of questioning was improper, the judgment was not substantially swayed by the error. See Brooks, 111 F.3d at 671.

Finally, Grier contends that the district court abused its discretion in allowing testimony regarding the exact method by which Grier smoked crack cocaine. During cross examination, Grier stated that about fifteen minutes before being stopped by the police in Young's vehicle, Grier smoked crack cocaine; Grier explained how one smokes crack out of a can. Grier now maintains that this testimony was irrelevant and prejudicial in light of the fact that he had already admitted to being a crack smoker.

It was not an abuse of discretion for the district court to allow this line of questioning. Even if the testimony was only slightly probative, it was not unduly prejudicial, because Grier had already testified that he was a crack smoker. Further, a defendant's admission of a fact generally does not prevent the government from putting forward evidence to establish that fact. See United States v. Dunford, 148 F.3d 385, 394-96 (4th Cir. 1998) (holding that district court did not abuse its discretion in admitting evidence of drugs and drug paraphernalia seized from defendant's home even though defendant had stipulated to being a drug user); see generally Old Chief v. United States, 519 U.S. 172, 186-87 (1997).

Accordingly, we affirm Grier's conviction. We dispense with oral argument because the facts and legal contentions are adequately pre-

5

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6